IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEWEY KEITH VENABLE,** | ) | Civil Action No. 7:14-cv-00295 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **WARDEN RANDALL** | ) | |
| **MATHENA,** *et al.*, | ) | **By: Norman K. Moon** |
| Defendants. | ) | **United States District Judge** |

Dewey Keith Venable, who is incarcerated and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against correctional officers at the Red Onion State Prison ("ROSP") about the alleged unlawful use of excessive force and conditions of confinement. This matter is before me on Venable's motion for a preliminary injunction (Docket No. 68). In the motion, Venable states he fears for his life and requests a transfer from ROSP because on November 30, 2014, a non-defendant broke Plaintiff's walkman and TV and thereafter denied Plaintiff food, medical care, and due process; a different non-defendant sexually harassed him and threatened violence; and another non-defendant intimidated him into withdrawing an informal complaint. For the reasons stated herein, I will deny the motion for a preliminary injunction.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The movant must also establish a relationship between the injury claimed in the motion for preliminary

injunctive relief and the conduct giving rise to a complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

The non-defendants are not subject to Plaintiff's complaint against other ROSP officials, and thus, an interlocutory injunction is not appropriate because the harms complained of in the motion do not arise from the harm alleged in the complaint. *Id.* Although Venable recites numerous allegations about past conduct, "[t]he purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005). Venable also does not demonstrate that he is likely to suffer "actual and imminent" irreparable harm in the absence of a preliminary injunction because he merely describes a remote and speculative possibility of harm. Moreover, Venable's "unwarranted deductions," "rootless conclusions of law," and "sweeping legal conclusions cast in the form of factual allegations" are not sufficient to warrant a preliminary injunction. *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996). Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. *See, e.g.*, 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); *Bell v. Wolfish*, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Accordingly, it is hereby **ORDERED** that Venable's motion for a preliminary injunction (Docket No. 68) is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

**ENTER**: This ___8th___ day of September, 2015.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3