IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEWEY KEITH VENABLE,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:14cv00295 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **RANDALL MATHENA,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Dewey Keith Venable, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was physically and sexually assaulted on April 23, 2013 and May 3, 2014, while incarcerated at Red Onion State Prison ("ROSP"). This matter is currently before me on Venable's motion for a preliminary injunction (Docket No. 143). In his motion, Venable alleges that he was denied medical treatment for a rash and pain in his hand, arm, and leg. Upon review of Venable's motion, I conclude that there is no basis for granting the requested preliminary injunction and, therefore, will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*, *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this nexus, the court should not consider the factors for preliminary injunctive relief). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d

470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

In his motion for a preliminary injunction, Venable alleges that "no one is doing anything" to provide him medical treatment; however, his allegations are not related to the claims in his underlying lawsuit. Further, none of Venable's allegations in his motion are against any of the current defendants. Accordingly, it is hereby **ORDERED** that Venable's motion for preliminary injunctive relief (Docket No. 143) is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

ENTER: This 15th day of June, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE