IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEWEY KEITH VENABLE,** | ) | Civil Action No. 7:14cv00295 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| **WARDEN MATHENA**, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Dewey Keith Venable, a Virginia inmate proceeding *pro se*, filed a verified complaint and amendments pursuant to 42 U.S.C. § 1983. This matter is currently before me on a motion for summary judgment by defendants Unit Manager Walter Swiney, Lt. Steven Franklin, Sgt. Eric Miller regarding Venable's claim that the defendants subjected him to cruel and unusual living conditions in April 2013.[1] Venable has filed motions to amend and a response to the motion for summary judgment, and this matter is ripe for disposition. Upon consideration of the motion for summary judgment, I conclude that defendants' motion must be granted in part and denied in part.[2]

I.

Venable states that from April 23 to April 25, 2013, while housed at Red Onion State Prison ("ROSP"), he was left in an unsanitary cell covered with urine, feces, and blood without

---

[1] By memorandum opinion and order entered September 23, 2015, I denied these defendants' motion to dismiss as to this claim. In addition, I also granted these defendants' motion to dismiss as to Venable's claim about receiving an informal complaint form, granted the other defendants' motions for summary judgment as to claims against Warden Mathena and the retaliation and conditions of confinement claim between September 2013 and July 2014, but denied these motions as to Venable's claims of excessive force, conditions of confinement, and bystander liability arising from the events of April 23-24, 2013, and May 3, 2014. The remaining claims against the remaining defendants will be set for trial.

[2] In addition, I will deny the first pending motion to amend (Docket No. 168) and will grant the second pending motion to amend (Docket No. 193). In the first pending motion to amend, Venable seeks to add as an exhibit, a letter from another inmate addressed to the Warden and the Chief of Security Operations, neither of whom are current defendants, which outlines several alleged instances of excessive force at Red Onion State Prison. Inasmuch as the letter is not related to or probative of Venable's allegations, I will deny the motion to amend. In his second pending motion to amend, Venable seeks to add as exhibits in support of his claims, copies of his administrative grievances. Appearing proper to do so, Venable's second pending motion to amend will be granted.

shoes, a mat, or clothes other than a smock. Venable alleges that he told Unit Manager Swiney, Lt. Franklin, and Sgt. Miller about the urine, feces, and blood in the cell and that Unit Manager Swiney also saw the deplorable condition of the cell. Venable further alleges that no one did anything to correct the conditions and that, as a result of staying in the unclean cell, he has developed breathing problems, a rash, post-traumatic stress disorder, and paranoia.

In support of their motion for summary judgment, Unit Manager Swiney avers that Sgt. Miller was not working at ROSP on April 23-25, 2013 and that Lt. Franklin was not working at ROSP on April 24-25, 2013. The defendants also argue that Venable was not deprived of a basic human need, did not suffer an injury as a result of the cell conditions, and that the defendants were not deliberately indifferent to any unsanitary cell conditions.[3] Defendants ask the court to grant them qualified immunity.

In response to defendants' motion for summary judgment, Venable states that he knows that all three defendants were at ROSP on April 24, 2013 because he spoke with all three of them in the same room at the same time on that day. He also states that Lt. Franklin signed a grievance response on April 24, 2013, when Unit Manager Swiney states Lt. Franklin not working.

**II.**

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's

---

[3] In support of the other defendants' motions for summary judgment, those defendants filed copies of ROSP's surveillance video recording of Venable's move into the segregation cell on April 23, 2013. However, the recording neither proves nor disproves either Venable's or defendants' versions of events. Although the recording shows an officer entering the cell with a large spray bottle on April 23, 2013, the recordings do not show the condition of the cell or what any officer did in the cell. While Unit Manager Swiney speculates that the officer probably cleaned the cell, Venable states that the officer just stood inside the cell and did not clean it.

2

cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

To establish that living conditions constitute cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of a basic human need was objectively sufficiently serious," and (2) that "subjectively the officials acted with a sufficiently culpable state of mind." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation marks omitted). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment

3

claim regarding conditions of confinement. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," *Strickler*, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions, *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. *See id.* at 837; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Venable's allegations of being left for multiple days in a cell covered with urine, feces, and blood without protective clothing, a mat, or shoes describes an exposure to conditions that present a substantial risk of contracting a communicable disease often present in prison populations, such as HIV or various types of hepatitis. Furthermore, Venable states that he informed Unit Manager Swiney, Lt. Franklin, and Sgt. Miller about the condition of the cell, that Unit Manager Swiney saw the cell covered with urine, feces, and blood, and that the defendants disregarded Venable's health concerns. Due to disputes of material facts between Venable's and defendants' versions of events, a trial is necessary to resolve these claims. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) ("[A] genuine dispute of material fact will preclude summary judgment on qualified immunity.").[4]

---

[4] To the extent Venable brings this action against the defendants in their official capacity for monetary damages, his claim is not cognizable in § 1983, and therefore, I will grant defendants' motion for summary

4

## III.

For the reasons stated, I will deny Venable's first pending motion to amend but grant his second pending motion to amend. I will grant Unit Manager Swiney, Lt. Franklin, and Sgt. Miller's motion for summary judgment as to Venable's claims for damages against these defendants in their official capacity but deny it as to Venable's claim about living conditions.

**ENTER**: This __6th__ day of July, 2016.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

judgment as to Venable's claims for monetary damages against defendants in their official capacity.